In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-1775

WILLOW WAY, LLC,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF LYONS, ILLINOIS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-CV-03046 — **Edmond E. Chang**, *Judge.*

_____

ARGUED SEPTEMBER 12, 2023 — DECIDED OCTOBER 5, 2023

_____

Before EASTERBROOK, HAMILTON, and PRYOR, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Willow Way purchased a parcel of land in the Village of Lyons. The house on this land needed repairs, and bids for the work exceeded $100,000. Renovations began in 2017 but soon halted. After several years had passed, and the house remained empty, the Village proposed to tear it down as a nuisance. The Village published

notice, posted notices on the house, and mailed notice to Willow Way, which concedes having actual knowledge of the impending demolition. But it did not do anything in response until the week scheduled for the razing, when its lawyer proposed a meeting with the Village's Building Director. By then it was too late. Willow Way did not try to build a new house, and the parcel was sold at auction to satisfy the Village's lien for demolition expenses.

In this suit under 42 U.S.C. §1983, Willow Way contends that the demolition is a taking without compensation and violates principles of substantive due process. The district judge thought otherwise and granted summary judgment for the Village. 2022 U.S. Dist. LEXIS 59919 (N.D. Ill. Mar. 31, 2022). As the judge observed, the demolition of a dilapidated structure that constitutes a public nuisance is not problematic under the Due Process Clause and does not require compensation. See, e.g., *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2079 (2021); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1022–23 (1992). (Willow Way has not pursued whatever claim under the Fourth Amendment it might have had. See *Soldal v. Cook County*, 506 U.S. 56 (1992).) The protection that the federal Constitution offers to property owners is notice and an opportunity for a hearing at which the structure's condition can be ascertained based on factual presentations.

The Village gave such a notice to Willow Way, which did not ask for a hearing. State law in Illinois offers plenty of opportunity to property owners, see 65 ILCS 5/11-31-1(e), and *McKenzie v. Chicago*, 118 F.3d 552 (7th Cir. 1997), holds that these procedures are constitutionally adequate. *McKenzie* noted that someone who wants to stop a demolition has only to file suit in state court, which automatically blocks action

until the judge decides whether the building meets the statutory criteria for being razed. 118 F.3d at 554. Willow Way did not take this step and cannot complain about the consequences of its inaction. No more need be said about Willow Way's federal claims.

Willow Way's complaint includes an inverse-condemnation claim under Illinois law. After granting summary judgment on the federal claims, the district court relinquished supplemental jurisdiction so that Willow Way could pursue its state-law claim in state court. 28 U.S.C. §1367(c)(3). Willow Way protests, contending that the district court has jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship and therefore must adjudicate the state-law claim.

The district court's decision is understandable. Although Willow Way's complaint cites §1332, it does not explain Willow Way's citizenship (which for a limited liability company depends on the citizenship of its members) or state that the amount in controversy exceeds $75,000. When members of the court pointed this out at oral argument, counsel for Willow Way replied that, because jurisdiction had not been contested in the district court, it is no longer an issue in the case. Counsel seems to have been ignorant of the rule that "[j]urisdictional requirements cannot be waived or forfeited, must be raised by courts *sua sponte*, and … do not allow for equitable exceptions." *Boechler, P.C. v. CIR*, 142 S. Ct. 1493, 1497 (2022).

At oral argument, we drew counsel's attention to 28 U.S.C. §1653, which reads: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." We invited Willow Way to propose an amended complaint with the necessary allegations. It tendered such a complaint, which is as deficient as the original.

The sole jurisdictional allegation in the proposed amended complaint reads: "Jurisdiction rests with this Court pursuant to 28 U.S.C. §§1331, 1332(a), 1343 and 1367." Not one word about Willow Way's citizenship (or that of the Village) nor any allegation about the amount in controversy. Elsewhere the complaint avers that Willow Way's sole member is Stonecrest Realty Management, LLC, whose sole member is Jon O. Freeman, a citizen of California. The Village is a citizen of Illinois, see *Moor v. Alameda County*, 411 U.S. 693 (1973), though the complaint does not allege this. Paragraph 5 of the proposed amended complaint alleges that Willow Way bought the parcel in July 2016 for $111,350, and ¶52 alleges that it was sold at auction on March 23, 2021, for $25,446.90. The difference between these prices is roughly $86,000, which Willow Way believes meets the $75,000 jurisdictional minimum.

The problem with this submission is that a change in price over five years differs from injury caused by demolition of the house. The structure was razed in February 2020, about four years after Willow Way bought the parcel and about a year before it was sold. The Village is not liable for a change in the market price of real estate or a decline in the value of a house while it was standing empty. Cf. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) (distinguishing transaction causation from loss causation). The question is whether *the demolition* caused loss exceeding $75,000.

Members of the panel made this clear at oral argument, and our order calling for supplemental filings directs the parties to "pay particular attention to the value of the parcel immediately before and after the demolition." Yet Willow Way's supplemental filing and proposed amended complaint do not

pay the slightest attention to the before-and-after valuation. Complaints need not be accompanied by expert reports, but their jurisdictional allegations must at least address the right question. Willow Way's do not. The district court therefore was not required to decide the inverse-condemnation claim.

AFFIRMED